# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOSEPH RAMOS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No.  3:26-CV-00806-LS |
| | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **JUSTICE, IN OFFICIAL CAPACITY;** | § | |
| **THE ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES, IN OFFICIAL** | § | |
| **CAPACITY; AND DOES 1-20, IN** | § | |
| **OFFICIAL CAPACITY,** | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

*Pro se* plaintiff sues the United States Department of Justice, the Attorney General, and Does 1 through 20. The Court dismisses the lawsuit with leave to amend.

### 1. Proceeding In Forma Pauperis.

I grant Mr. Ramos's motion to proceed *in forma pauperis* ("IFP")[1] because of the financial information contained within it.

### 2.  Legal Standards.

Mr. Ramos's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] ECF No. 1.

[2] 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

### 3. Mr. Ramos's Complaint Fails to State a Claim.

Mr. Ramos raises a claim under 5 U.S.C. § 706(1), which requires a court to "compel agency action unlawfully withheld or unreasonably delayed."[9] These claims "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."[10] Plaintiff does not allege what action the Department of Justice was required, but failed, to take.

Plaintiff also requests a writ of mandamus.[11] "Mandamus may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate

---

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[9] ECF No. 1-1 at 4.
[10] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).
[11] ECF No. 1-1 at 4.

remedy exists."[12] There are no factual allegations in Plaintiff's complaint showing that he has a clear right to relief or that the defendants had a clear duty to act.

Mr. Ramos also seeks a declaratory judgment.[13] This requires determining whether "an 'actual controversy' exists between the parties to the action."[14] Plaintiff merely alleges that an actual controversy exists without providing any supporting factual allegations.

Finally, Mr. Ramos requests injunctive relief and emergency protective relief in his complaint.[15] Under the Local Rules for the Western District of Texas, any request for a preliminary injunction or temporary restraining order "shall be made in an instrument separate from the complaint."[16]

**4. Leave to Amend.**

Courts should ordinarily grant a *pro se* plaintiff leave to amend a complaint before dismissing the case unless the plaintiff has already pled his "best case."[17] Accordingly, the Court grants Mr. Ramos until **April 21, 2026**, to file a viable amended complaint. Failure to do so will result in a final judgment of dismissal.

**CONCLUSION**

The Court **GRANTS** the motion to proceed in forma pauperis [Doc. No. 1] and **DISMISSES** this lawsuit with leave to file an amended complaint on or before **April 21, 2026**.

**SO ORDERED**.

---

[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).
[13] ECF No. 1-1 at 3.
[14] *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).
[15] ECF No. 1-1 at 3–4.
[16] Local Court Rule CV-65.
[17] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

**SIGNED** and **ENTERED** on April 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**